BELDOCK LEVINE & HOFFMAN LLP
99 PARK AVENUE, PH/26ᵗʰ FLOOR

JONATHAN C. MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

NEW YORK, N.Y. 10016

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

January 15, 2026

COUNSEL
PETER S. MATORIN
CYNTHIA ROLLINGS
KAREN L. DIPPOLD
JODY YETZER
MARJORY D. FIELDS
EMILY JANE GOODMAN
   (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN
SAM KOOLAQ
ASHA SMITH
MATTHEW MELEWSKI

REF:

WRITER'S DIRECT CONTACT:
212-277-5883
oclark@blhny.com

**VIA ECF**
Hon. Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl Street, Room 1660
New York, New York 10007

Re:    ***Guzman v. The City of New York, et al.; #: 24-cv-00363(CM)***

Your Honor:

My firm represents Plaintiff in the above captioned matter. We write to request a discovery conference with the Court. There are two types of discovery at issue at this time[1] which Plaintiffs respectfully request that this Court order Defendants to disclose. The first is production of the morbidity and mortality report created regarding Mr. Diaz Guzman's death. The second is identification and production of any directive, policy, or checklist that lays out what steps need to be taken to complete a DOI investigation related to a death in custody. The parties have discussed these matters on the telephone on several occasions and have exchanged written correspondence regarding the same, in compliance with Your Honor's individual rules.

On June 2, 2025, Plaintiff served Defendants with Plaintiff's first consolidated set of discovery demands. (Exhibit 1). Defendants responded to Plaintiff's discovery demands on August 7, 2025 (Exhibit 2), with a supplemental production provided on August 27, 2025. On October 30, 2025, Plaintiff provided Defendants a deficiency letter regarding Defendants' productions. (Exhibit 3). The deficiency letter noted deficiencies regarding, *inter alia*, the failure to produce the morbidity and mortality report and documents regarding DOI investigations.

On November 6, 2025, David Rankin and Olivia Clark, counsel for Plaintiff, and Alejandra Gil, counsel for Defendants, had a telephonic meet and confer to discuss the discovery disputes.

---

[1] There are other discovery issues the parties are currently conferring about that Plaintiff will move the Court regarding should there be an impasse.

Page 2

The phone conversation occurred at or around 3:00p.m. and lasted approximately 40-50 minutes. During the call, counsel for Defendants stated that they would follow up with HHC regarding whether a morbidity and mortality report existed for them to produce. With respect to DOI investigation documents, Plaintiff clarified what type of documents were being sought, and Defendants stated they would look into these documents. Defendants further stated they would look into if more videos existed.

Since that date, counsel for Plaintiff and Defendants have exchanged many emails discussing Defendants' production. Defendants provided supplemental responses to Plaintiff's first consolidated set of discovery demands on November 14, 2025. (Exhibit 4). Additionally, Olivia Clark and Alejandra Gil had another telephonic meet and confer on November 19, 2025, at around 3:00pm, which lasted approximately 12 minutes. During that conversation, counsel for Defendants stated, *inter alia*, that they still had not received a response from HHC regarding the morbidity and mortality report, and that they would follow up with HHC. Counsel also stated that they were still inquiring about the requested DOI investigation documents.

On December 22, 2025, counsel for Defendants informed Plaintiff over email that they confirmed a morbidity and mortality report existed, but that HHC objected to producing it based on privilege and confidentiality. Additionally, counsel for Defendants stated that "As to your demand for any directive/policy, or checklist, that lays out what steps need to be taken to complete a DOI investigation related to a death in custody, DOC refers you to bates DOC000109, "Callout report and Checklist." DOC otherwise objects to the demand as not relevant to the claims in this matter, which do not include a claim that the DOI investigation was not properly conducted." The parties have since agreed that they are at an impasse regarding the morbidity and mortality report and the DOI investigation documents, and Plaintiff has informed Defendants that Plaintiff would be requesting a conference with the Court.

Generally, it is useful to remember that Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action…." Fed. R. Civ. P. 26(b)(l)." *Thompson v. Lynbrook Police Dep't*, 172 F.R.D. 23, 25 (E.D.N.Y. 1997)(citation omitted). Further, defendants' responses are in violation of the Amendments to Fed. R. Civ. P. 26, especially as understood by Judge Peck in *Fisher v. Forrest*, 14 Civ. 1304 (PAE)(AJP), 2017 US Dist LEXIS 28102 (S.D.N.Y. February 28, 2017) (forcefully stating boilerplate objections are unacceptable, and if documents are withheld, a log of those documents must be produced). We have not been provided a list of what, if any, documents have been withheld as required. Additionally, the defendants have raised privilege objections, which they have not withdrawn or even specified which privilege they assert, and they have improperly raised objections which they have not supported by anything other than boilerplate assertions. *King* requires an affidavit be submitted "from a responsible official within the agency who has personal knowledge of the principal matters [the basis for the objection] to be attested to in the affidavit or declaration." *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988) (citation omitted).

First, Plaintiff is entitled to the morbidity and mortality report created in connection with the death of Mr. Diaz Guzman. In response to the request for this report, Defendants merely indicated an unspecified privilege objection, without a privilege log, as well as a vague confidentiality objection. Defendants did not assert any specific privilege. Additionally, any

Page 3

confidentiality concerns can be eliminated by a confidentiality stipulation. Plaintiff agrees that a confidentiality order should be agreed on and has twice suggested that the parties follow the 1983 plan protective order from Local Rule 83.10 for this case. However, Plaintiff has not received a response from Defendants either way.[2]

The morbidity and mortality report is required to "include any recommendations about measures the department or correctional health services may implement to prevent the circumstances that contributed to the individual's death." New York City Charter § 626(h)(2). Such information is plainly relevant to Plaintiff's claims regarding the death of Mr. Diaz Guzman, and as next of kin, Plaintiff should not be denied such records on account of privilege, especially considering that "the board shall provide to such next of kin records provided to the board by the department and correctional health services for purposes of such investigation." *Id.* § 626(h)(4). Moreover, based on Counsel's review of this document in other cases, this report includes statements, and a summary of the events, from parties as to deficiencies in their conduct. The report also makes recommendations about what remedial measure could have prevented the death.

Regarding the DOI investigation documents, Plaintiffs should be permitted to see if such a document exists to see if there were irregularities in the investigation and to see if Plaintiffs received all relevant documents. Plaintiffs have reason to believe there was a problem with the preservation efforts, including with the videos, and these documents would provide information as to where that broke down.[3] These records are plainly relevant to Plaintiff's claims against the City.

These defendants should be ordered to produce these documents, or at the very least be ordered to specify which privilege they are advancing and provide a detailed privilege log. We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

M. Olivia Clark
Beldock Levine & Hoffman, LLP
99 Park Ave., PH/26th Floor
New York, NY 10016

*Counsel for Plaintiff*

---

[2] We understand that Your Honor's individual rules indicate that the parties shall utilize the Court's Model Protective Order and may apply for a different one through submission via ECF.

[3] The defendants are still considering if they can produce documents related to their efforts to preserve evidence, so that is not part of this application as they do not understand us to be at an impasse. The reason those documents are relevant is that we understand there are documents which were not preserved.