UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARIA A. GUZMAN, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF WILSON DIAZ
GUZMAN, DECEASED.

                             Plaintiff,

        -against-

THE CITY OF NEW YORK, NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION ("HHC"); CAPTAIN
ROSCOE NEELY (SHIELD NO. 1839), CORRECTION
OFFICER ("C.O.") KESTON BERTRAND (SHIELD NO.
18841); C.O. SURIEL JULIO (SHIELD NO. 14377); C.O.
ANTHONY SAMUELS (SHIELD NO. 18737); HHC
VANESSA LUBIN, RN; HHC JENNY ACEVEDO, RN.

                       Defendant.
-----------------------------------------------------------------------X

24-CV-00363 (VSB)

**RESPONSES TO PLAINTIFF'S
FIRST CONSOLIDATED SET OF
DISCOVERY DEMANDS**

        Defendants THE CITY OF NEW YORK, NEW YORK CITY HEALTH AND

HOSPITALS CORPORATION, CAPTAIN ROSCOE NEELY, C.O. KESTON BERTRAND,

C.O. SURIEL JULIO, C.O. ANTHONY SAMUELS, VANESSA LUBIN, RN, and JENNY

ACEVEDO, RN, by their attorneys, HEIDELL, PITTONI, MURPHY & BACH, LLP, submit the

following responses to Plaintiff's First Consolidated Set of Discovery Demands dated June 2, 2025:

## GENERAL OBJECTIONS TO INTERROGATORIES

        A.      Defendants object to plaintiff's interrogatories to the extent that

they impose obligations that are inconsistent with the Federal Rules of Civil Procedure, including

Rule 26, and the Local Rules of the Southern District of New York, and otherwise exceed the

permissible scope of discovery under these rules.

B.    Defendants object to plaintiff's interrogatories to the extent they assume the truth of the allegations set forth in the Amended Complaint as defendants have already denied the allegations.

C.    Defendants object to plaintiff's interrogatories to the extent that they are overly broad, unduly vague, ambiguous, susceptible to multiple meanings and request information that is not relevant to this case.

D.    Defendants object to plaintiff's interrogatories to the extent that they are unduly burdensome and oppressive.

E.    Defendants object to plaintiff's interrogatories to the extent they seek information which is privileged and confidential.

F.    Defendants object to plaintiff's interrogatories to the extent they seek information that is considered attorney work product.

G.    Defendants object to plaintiff's interrogatories to the extent that they seek information or the identification of documents and/or witnesses not in defendants' possession, custody, or control, and/or in the possession of, or readily available to, plaintiff.

H.    Defendants object to plaintiff's interrogatories to the extent they seek information that may be derived or ascertained from plaintiff's own knowledge, from plaintiff's own records, or from documents already in plaintiff's possession.

I.    Defendants expressly reserve the right to amend, clarify, revise or correct any or all of the responses herein at any time.  By making the following responses to plaintiff's interrogatories, defendants do not waive, and hereby expressly reserve, the right to assert any and all objections as to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency,

relevancy, materiality and privilege.  Further, defendants provide the responses herein without in any manner implying or admitting that any information requested in the interrogatories or any responses thereto is relevant or material to the subject matter of this action.

## GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

A.    Defendants object to plaintiff's requests to the extent they assume the truth of the allegations set forth in the Amended Complaint as Defendants have already denied the allegations.

B.    Defendants object to plaintiff's requests to the extent that they are overly broad, vague, ambiguous, and susceptible to multiple meanings.

C.    Defendants object to plaintiff's requests to the extent that they are unduly burdensome, oppressive, and disproportionate to the needs of discovery in this matter.

D.    Defendants object to plaintiff's requests to the extent they seek information which is privileged and confidential.

E.    Defendants object to plaintiff's requests to the extent they seek documents that are considered attorney work product.

F.    Defendants object to plaintiff's requests to the extent that they seek documents and/or witnesses not in defendants' possession, custody, or control, and/or in the possession of, or readily available to, plaintiffs.

G.    Defendants object to plaintiff's requests to the extent they seek documents from plaintiffs' own records, or from documents already in plaintiffs' possession or documents that are publicly available.

H.    Defendants expressly reserve the right to amend, clarify, revise or correct any or all of the responses herein at any time.  By making the following responses to plaintiffs'

4902-3742-6522 v.1

requests for production of documents, defendants do not waive, and hereby expressly reserve, the right to assert any and all objections as to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality and privilege.  Further, defendants provide the responses herein without in any manner implying or admitting that any documents requested or any responses thereto are relevant or material to the subject matter of this action.

1.      Identify the full name, shield number, and current command or other service address of all Defendants described in the Complaint, along with a brief description of their role and DOC assignment on the Incident date(s), and the subject of their knowledge of the facts alleged in the Complaint.  These persons may include, but are not limited to:

a.      Individual Defendant Captain Roscoe Neely (Shield No. 1839):

**Response:**  Active/Correction Industries Division(CID)/1743 Hazen Street, East Elmhurst, NY 11370.  Any communications as to this defendant can be directed to our firm.

b.      Individual Defendant Correction Officer ("C.O.") Keston Bertrand (Shield No. 18841):

**Response:** Retired.[1]  Any communications as to this defendant can be directed to our firm.

c.      Individual Defendant C.O. Suriel Julio (Shield No. 14377):

**Response:** Retired.  Any communications as to this defendant can be directed to our firm.

d.      Individual Defendant C.O. Anthony Samuels (Shield No. 18737):

---

[1] For all former employees, we object to providing home addresses for security reasons.

4902-3742-6522 v.1

**Response:** Retired. Any communications as to this defendant can be directed to our firm.

  e.   Individual Defendant HNC Vanessa Lubin, RN;

**Response:** Any communications as to this defendant can be directed to our firm.

  f.   Individual Defendant Jenny Acevedo, RN;

**Response:** Any communications as to this defendant can be directed to our firm.

  g.   All other employees described in paragraphs 31 to 78 of the amended complaint.

**Response:** CO Sayquan Selby, shield # 10207 Active/RESH (RMSC Enhanced Supervised Housing) /19-19 Hazen Street, East Elmhurst, NY 11370

CO Theodore Robinson (Shield # 2528) Resigned

ADW Salako, Oladipo (Shield # 44) Retired

ADW Agunwa, Onyemekara, shield #1002, Active/ EMTC/10-10 Hazen Street, East Elmhurst, NY 11370

  2.   Identify all City officers and employees, by full name and shield number (if applicable), who were responsible for Mr. Diaz Guzman's supervision from January 17, 2021, the date he entered DOC custody, through January 22, 2021, the date of his death. For each person identified, state their specific staffing assignment or post on that day.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, defendant City of New York offers the following staffing schedules, bates # DOC000492-DOC000516.

3.     Identify incarcerated people, by full name and B&C number, who observed Mr. Diaz Guzman from January 17, 2021, the date he entered DOC custody, through January 22, 2021, the date of his death. For each person identified, state the dates they would have observed Mr. Diaz Guzman.

**Response:**   Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, defendant City of New York offers the following list of persons in custody at EMTC and OBCC during the relevant time period, bates # DOC000522-DOC000524.

4.     Identify by full name and shield number (if applicable) every City officer or employee assigned to OBCC from January 17, 2021 through January 22, 2021. For each person identified, state their specific staffing assignment or post on the applicable dates.

**Response:**   Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, defendant City of New York offers the following staffing schedules, bates # DOC000492-DOC000516.

5.     Identify all other persons who participated in, witnessed, or observed the supervision of Mr. Diaz Guzman or any of the events referenced in the lawsuit filed by Plaintiff in this action. With respect to each such individual, set forth the particular event and the nature of his or her participation. witnessing, or observation of that event.

**Response:**   Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, see bates # DOC000492-DOC000516 and DOC000522-DOC000524.

6.      Identify every medical provider and medical professional who treated or examined Mr. Diaz Guzman for the entirety of his time in DOC custody.

**Response:**    Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, see Mr. Diaz Guzman's medical records, previously disclosed as bates # CHS 1-113.

7.      Identify every type of document that is generated pursuant to any DOC practice or policy in connection with monitoring incarcerated individuals for signs of mental health needs or suicidal ideation.

**Response:**    Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, Defendants are conducting an investigation to identify any documents responsive this demand.

8.      Identify every type of document that is generated pursuant to any DOC practice or policy in connection with monitoring, incarcerated individuals who suffer from diabetes.

**Response:**    Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, Defendants are conducting an investigation to identify any documents responsive this demand.

9.      Identify all DOC practices or policies from January 22, 2016 through January 22, 2021, related to obtaining, reviewing, and maintaining medical and mental health records when a person enters DOC custody.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendants are conducting an investigation to identify any documents responsive this demand.

10.     Identify all DOC practices or policies from January 22, 2016 through January 22, 2021, related to obtaining, reviewing, and maintaining a persons' prior medical and mental health records from all hospitals when a person is transferred into DOC custody.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendants are conducting an investigation to identify any documents responsive this demand.

11.     Identify all grievances filed by Mr. Diaz Guzman—or letters written by Mr. Diaz Guzman complaining of his conditions. mistreatment, and mental health needs—throughout his time in DOC custody.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, defendant City of New York is not in possession of any documents/information responsive to this demand.

12.     Identify all documentation of what City officers or employees viewed, reviewed, or transmitted Mr. Diaz Guzman's grievances—or letters written by Mr. Diaz Guzman complaining of his conditions, treatment, and mental health needs—throughout his time in DOC custody, who viewed and reviewed those grievances, and who they were transmitted to.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, defendant City of New York is not in possession of any documents/information responsive to this demand.

13. Identify all documents related to Mr. Diaz Guzman or the incidents described in the amended complaint that were ever provided to the New York State Police.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, defendant City of New York is not in possession of any documents/information responsive to this demand.

14. Identify all types of records that would be created by or provided to the New York City Department of Corrections Investigation Division to conduct an investigation into the types of incidents described in the complaint.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, see the previously disclosed DOC Investigation file at bates # 000091-000490.

15. Identify all guidance memoranda or manuals related to all types of records responsive to Interrogatory 14.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.

16.     Identify all documents related to Mr. Diaz Guzman or the incidents described in the amended complaint that were ever provided to the New York City Department of Corrections Investigation Division.

**Response:**  Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, see the previously disclosed DOC Investigation file at bates # 000091-000490.

17.     Identify all other individuals people who were housed in the same area as Mr. Diaz Guzman throughout his time in DOC custody.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, defendant City of New York offers a list of incarcerated individuals at bates # DOC000522-DOC000524.

18.     Identify every type of document that is generated pursuant to any DOC practice or policy in connection with interviewing any witnesses of mental health needs or suicide attempts.

**Response:**  Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, Defendants are conducting an investigation to identify any documents responsive this demand.

19.     Identify every type of document that is generated pursuant to any DOC practice or policy in connection with reporting any mental health needs or suicide attempts.

4902-3742-6522 v.1

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendants are conducting an investigation to identify any documents responsive this demand.

20. Identify all lawsuits by name, court, and index/case number, filed against the City, alleging that for any portion of time between January 22, 2026 and January 22, 2021, the City was negligent or deliberately indifferent with respect to mental health needs or suicidal ideation. This request is limited to the Riker's Island facilities.

**Response:** Defendants object to this request as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Defendants further object to the extent that the interrogatory seeks information that is beyond the scope of Local Rule 33.3 and Federal Rule of Civil Procedure 26(b)(1). Defendants further object to the request in that it seeks documents that are a matter of public record and can be easily obtained by plaintiffs.

21. Identify any and all persons identified in response to any of the foregoing interrogatories who have been the subject of complaints, grievances, investigations, lawsuits or other legal or disciplinary investigations or action within the past fifteen years, including but not limited to for negligence or deliberate indifference to serious medical needs. For every lawsuit identified in response to this interrogatory, list all plaintiffs and defendants, the causes of action, the date on which the suit was instituted, the court in which the suit was instituted, the docket or index number, and the result of each suit, including but not limited to those concluded by judgment or settlement.

**Response:** Defendants object to this request as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Defendants further object to the extent

that the interrogatory seeks information that is beyond the scope of Local Rule 33.3 and Federal Rule of Civil Procedure 26(b)(1).

## REQUESTS FOR DOCUMENT PRODUCTION

1.    Produce all documents, electronically stored information. and other tangible things identified in response to the above Interrogatories.

**Response:** Defendants object to this request as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Defendants further object to the extent that the request seeks information that is beyond the scope of Federal Rule of Civil Procedure 26(b)(1).    Notwithstanding and without waiver of these objections, see annexed Bates # DOC000492-000525.

2.    Produce the entire personnel and disciplinary files of each individual identified in response to Interrogatory 1, regardless of final disposition of any disciplinary inquiry from 5 years prior to the Incidents to the present.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, Defendants are conducting an investigation to identify any documents responsive this demand.

1.    Produce all photographs of Mr. Diaz Guzman in Defendants' custody.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, Defendants are unaware of any documents responsive to this request other than those contained in the DOC Investigation file, previously disclosed as DOC000091-DOC000490.

2.    Produce all photographs showing the locations of the scenes of the Incidents referred to by Plaintiff in this action.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, Defendants are unaware of any documents responsive to this request other than those contained in the DOC Investigation file, previously disclosed as DOC000091-DOC000490.

3.    Produce and preserve all surveillance footage, photographs, body-worn camera footage, or other audio and video files related in any way to the Incident.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, Defendants will produce responsive files under separate cover.

4.    Produce copies of statements from any witnesses or participants to the Incident.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, Defendants are unaware of any documents responsive to this request other than those contained in the DOC Investigation file, previously disclosed as DOC000091-DOC000490.

5.    Produce the personnel title and institutional files of each of the individual officers listed in response to any of the Interrogatories above, including any and all records concerning the officer's pre-employment psychological screening tests and evaluations, positions and job descriptions, job performance and evaluations, complaints and disciplinary history, investigations, intake or reporting procedures, truthfulness, reviews, training and in-service training and retraining. and hiring or promotion.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendants are conducting an investigation to identify any documents responsive this demand.

6.    Produce all statements and communications in Defendant's possession that were purportedly made by or taken from Mr. Diaz Guzman to any City employee(s), including DOCCS and HHC officers and employees, during Plaintiff's incarceration, including about the Incidents in this lawsuit, beginning in January 2021.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendants are unaware of any documents responsive to this request other than those contained in the DOC Investigation file, CHS records, and inmate file, previously disclosed as DOC000091-DOC000490, DOC000001-000090, and CHS 000001-000113.

7.    Produce all communications and correspondence between DOC and HHC employees and other City agencies related to Mr. Diaz Guzman's incarceration starting in January 2021.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendants are conducting an investigation to identify any documents responsive this demand.

8.    Produce a printout of Mr. Diaz Guzman's entire disciplinary history while in DOC custody.

**Response:**  Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, defendant City of New York is not in possession of any documents/information responsive to this demand.

11 .    Produce a printout of Mr. Diaz Guzman's entire movement history while in DOC custody.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, defendant City of New York offers movement history at bates # DOC000491 and DOC000525.

12.    Produce any and all medical reports and records maintained by DOC concerning Mr. Diaz Guzman, including, without date limitation: medical and mental health records, psychological and psychiatric reports and records, exam notes, test results, x-rays or other films, diagnosis, consultations, and appointments within any City facility or outside medical facility in which Mr. Diaz Guzman was evaluated or treated while in DOC custody.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, defendant City of New York is not in possession of any documents responsive to this demand other than what may be contained in the DOC Investigation file at bates # DOC000091-000490.

13.    Produce all documents maintained by DOC concerning Mr. Diaz Guzman including, without date limitation. all records maintained by DOC offices, by HHC, and at OBCC. Such records should include, without limitation, Mr. Diaz Guzman's history, medical records,

examination, testing, diagnosis, consultation, and opinions; work assignments and timesheets; investigation files; reports; interviews; photographs; records pertaining to disturbances allegedly committed while in custody; recordings (including, without limitation the videotape recording; audiotape recordings: and photographs taken in connection with an incident involving Mr. Diaz Guzman).

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, Defendants are unaware of any documents responsive to this request other than those contained in the DOC Investigation file and inmate file, previously disclosed as DOC000091-DOC000490, DOC000001-000090.

14.    Produce all written or typed statements or reports within the City's possession, including drafts, concerning any of the Incidents described in the Amended Complaint.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, Defendants refer plaintiff to the DOC Investigation file, CHS records, and inmate file, previously disclosed as DOC000091-DOC000490, DOC000001-000090, and CHS 000001-000113.

15.    Produce all grievances or complaints submitted by or on behalf of Mr. Diaz Guzman to any employee or agency of Defendant City, along with any responses or appeals.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, defendant City of New York offers bates # DOC000517 - DOC000521.

16.     Produce all documents related to any of the incidents or correspondences described in the Amended Complaint.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.

17.     Produce all internal memoranda issued by DOC officials to the facilities where Plaintiff was held in DOC custody, related to Mr. Diaz Guzman, mental health episodes, suicides or suicidal ideation, and diabetes.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.

18.     Produce all documents received by Defendants pursuant to Plaintiff's authorizations and releases.

**Response:**  Documents responsive to this demand will be provided under separate cover.

19.      Produce all documents which were given to any State, municipal, or federal investigative body, oversight agency, and/or court-appointed monitor regarding, for any portion of time between January 20216 to January 2021, conditions of confinement; lack of adequate medical and mental health care; and lack of staffing. This request is limited to the Riker's Island facilities.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.

20.      Produce all documents related to Mr. Diaz Guzman or the incidents described in the Amended Complaint that were ever provided to the New York State Police.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.   Notwithstanding and without waiver of

these objections, Defendant City of New York is unaware of any documents responsive to this request.

21.     Produce all records that were created by or provided to the New York City Department of Corrections Investigation Division to conduct an investigation into Mr. Diaz Guzman or the incidents described in the Amended Complaint.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendants refer plaintiff to the DOC Investigation file previously disclosed as DOC000091-DOC000490.

22.      Produce all guidance memoranda or manuals related to documents responsive to Interrogatory 15.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.

23.     Produce all documents related to Mr. Diaz Guzman that were ever in the possession of DOC or HHC, including but not limited to treatment needs and mental health service level designations; admission and screening forms; diagnosis record; core history (including but not limited to history of treatment, education, and employment); psychiatric evaluation and psychiatric progress notes; case notes; primary therapy progress notes; interview notes; comprehensive suicide risk assessments: transfer documents (including but not limited to termination transfer notes); exceptional circumstances, security exception, and heightened level of care documents: discharge planning documents; Single Point of Access ("SPOA") applications; documents generated or relied on in preparing SPOA applications; responses to SPOA applications from county agencies; responses to SPOA applications from service providers; Central New York

Psychiatric Center ("CNYPC") Corrections Based Operations ("CBO") chronological records; chronological history reports; all inpatient psychiatric records; CNYPC evaluations, progress notes, discharge summaries, and treatment recommendations; mental health reports: and all discharge recommendations.

> **Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendant City of New York is unaware of any documents responsive to this request.

24. Produce all records (including emails, memoranda, notes, and messages) showing or otherwise revealing what information about Mr. Diaz Guzman, his mental health condition(s), and mental health treatment needs that defendants obtained from his family members, the Mental Health Automated Records System ("MHARS") the Psychiatric Services and Clinical Knowledge Enhancement Database ("PSYCKES"), CNYPC Corrections-Based Mental Health Services, and from all other sources.

> **Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendant City of New York is unaware of any documents responsive to this request.

25. Produce all records related to all other incarcerated people housed in the same area as Mr. Diaz Guzman throughout his time in DOC custody.

> **Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.

26.    Produce a list of all lawsuits filed against the City alleging that for any portion of time between January 2016 and January 2021, the City was negligent or deliberately indifferent with respect to lack of adequate medical and mental health care and lack of staffing: This request is limited to Riker's Island facilities.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.

27.    Produce all complaints, allegations and requests for investigation concerning any allegation of negligence and/or deliberate indifference, for any portion of time January 2016 to January 2021, in connection with lack of adequate medical and mental health care and lack of staffing. This request is limited to Riker's Island facilities.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.

28.    Produce all documents which were given to any investigative body regarding, for any portion of time between January 2016 and January 2021, lack of adequate medical and mental health care: and lack of staffing. This request is limited Riker's Island facilities.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.

29.    Produce a copy of all compilations, reports, and/or summaries created by DOC or any other city agency regarding, for any portion of time between January 2016 and January 2021, lack of adequate medical and mental health care and lack of staffing. This request is limited to Riker's Island facilities.

**Response:**  Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.

4902-3742-6522 v.1

30.     Produce a copy of all City policies, procedures, guidelines, and/or directives, in effect at Riker's Island facilities in January 2021 concerning the intake process and housing placement.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendants are conducting an investigation to identify any documents responsive this demand.

31.     Produce a copy of all City policies, procedures, guidelines, and/or directives, in effect at Riker's Island facilities in January 2021 concerning the monitoring of people's mental health and suicidal ideation.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendants are conducting an investigation to identify any documents responsive this demand.

32.     Produce all documents preserved in response to Plaintiff's February 5, 2021, notice to preserve, attached hereto as Exhibit 1.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.

33.     Produce all documents Defendants intend to or may use at any trial of this matter.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of

these objections, Defendants refer plaintiff to all documents produced pursuant to FRCP Rule 26 and the documents produced herein.

34.     All other documents, electronically stored information, and other tangible things that Defendants intend to use in defense of any of the claims in this action.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.

Dated:  White Plains, New York
           August 7, 2025

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

_____

ALEJANDRA R. GIL
81 Main Street, Suite 112
White Plains, New York  10601
(914) 559-3100
agil@hpmb.com

Attorneys for Defendants
THE CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, CAPTAIN ROSCOE NEELY, C.O. KESTON BERTRAND, C.O. SURIEL JULIO, C.O. ANTHONY SAMUELS, VANESSA LUBIN, RN, and JENNY ACEVEDO, RN.

TO:     **VIA E-MAIL**

BELDOCK, LEVINE & HOFFMAN, LLP
Attorneys for Plaintiff
99 Park Avenue, PH/26th Floor
New York, New York  10016
(212) 277-5883
oclark@blhny.com
drankin@blhny.com

4902-3742-6522 v.1