**BELDOCK LEVINE & HOFFMAN LLP**
99 PARK AVENUE, PH/26TH FLOOR

NEW YORK, N.Y. 10016

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

JONATHAN C. MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

COUNSEL
PETER S. MATORIN
CYNTHIA ROLLINGS
KAREN L. DIPPOLD
JODY YETZER
MARJORY D. FIELDS
EMILY JANE GOODMAN
   (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN
SAM KOOLAQ
ASHA SMITH
MATTHEW MELEWSKI

REF:

WRITER'S DIRECT CONTACT:
212-277-5883
oclark@blhny.com

October 30, 2025

**VIA EMAIL**
Alejandra R. Gil
Gabrielle Apfel
Heidell, Pittoni, Murphy & Bach, LLP
81 Main Street
White Plains, NY 10601
agil@hpmb.com
gapfel@hpmb.com

Re:  *Guzman v. The City of New York, et al.*, 24-cv-00363 (CM)

Dear Counselors:

We have reviewed Defendants' responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. While reserving plaintiff's right to raise additional issues in the future, we wish to bring the following matters to your attention at this time.

1. **General objection:** As an initial matter that cuts across Defendants' responses, Defendants fail to conform to the 2015 amendments to the FRCP, which were implemented to bar the exact type of boilerplate, vague responses that Defendants have employed here. It is no longer acceptable to list a series of objections and then at the end state vaguely what may or may not be produced. Since 2015, FRCP 34(b)(2)(C) has been clear that "An objection must state whether any responsive materials are being withheld on the basis of that objection" and that an "objection to part of a request must specify the part and permit inspection of the rest." As such, the majority of Defendants' responses and objections are inadequate and operate to waive objections for vagueness, relevance, burden, proportionality, and breadth. *See Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)."). Additionally,

Page 2

"'[a]n objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad" although "[a]n objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'" *Id*. at *2-4 (citing 2015 Advisory Committee Notes to Rule 34). Additionally, "meaningless boilerplate" objections such as statements that requests are "overly broad and unduly burdensome" that does not explain why the requests are burdensome or how they are overbroad are "'improper unless based on particularized facts'" that are articulated as part of the objection. *Id*. at *8. "[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answer[ing] no interrogatories . . . are a paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009).

Furthermore, Defendants did not state whether they have withheld any responsive materials on the basis of these objections, and, if so, which documents they have withheld, on the basis of which objection, despite the clear mandates of Fed. R. Civ. P. 34(b)(2)(C). That is improper. *See Michael Kors, L.L.C. v. Su Yan Ye*, No. 18-CV-2684 (KHP), 2019 WL 1517552, at *3 (S.D.N.Y. Apr. 8, 2019) ("Rule 34 imposes the responsibility on a responding party to state what it is withholding or describe the scope of the production it is willing to make, including the parameters of the search to be made (i.e., custodians, sources, date ranges and search terms, or search methodology)."). Defendants cannot interpose multiple, overlapping objections that make it impossible to know what is being withheld (if anything) based on each specific objection.

2. **Supplemental Production:** Defendants responded to a number of our interrogatories and document requests stating that Defendants are conducting an investigation for responsive documents. Please provide a firm date certain by which we will receive a production, otherwise we will be forced to move the Court.

3. **Interrogatory No. 2** – In regard to employees responsible for Mr. Diaz Guzman's supervision, the staffing schedules are uninformative. Please respond to this interrogatory with names, not references to documents.

4. **Interrogatory Nos. 3-6, 14, 16, 17** – In response to these interrogatories, you refer to various documents produced. It is not clear if the documents produced are a fulsome or all-encompassing responses to the interrogatories, or to which parts of the document ranges you refer to. Please respond to these interrogatories with actual answers (names of documents, individuals, etc.), not references to documents.

5. **Interrogatory Nos. 7-10, 18-19** – In response to Interrogatories 7-10 and 18-10, you responded in part that "Defendants are conducting an investigation to identify documents responsive to this demand." Please clarify for each of your responses whether responsive documents have been located, and if so, please produce the responsive documents. If no responsive documents have been located, affirmatively state that there are no responsive documents in your possession or the possession of Defendants. If you do not possess information

responsive to this request, state the efforts you made to locate responsive information. Moreover, we require a date certain by which we will receive a production, otherwise we will be forced to move the Court.

6. **Request for Document Production Nos. 2, 7, 9, 30-31** – As with the above-referenced interrogatories, you responded to disco demands numbers 2, 7, 9, 30, and 31 that Defendants are conducting an investigation to identify any documents responsive this demand. Please clarify for each of your responses whether responsive documents have been located, and if so, please produce the responsive documents. If no responsive documents have been located, affirmatively state that there are no responsive documents in your possession or the possession of Defendants. If you do not possess information responsive to this request, state the efforts you made to locate responsive information. Moreover, we require a date certain by which we will receive a production, otherwise we will be forced to move the Court.

7. **Interrogatory 6 –** Please provide a response rather than a reference to documents. The documents to which you refer us identify at least some of the people provided medical attention. They do not tell us if other people provided any medical attention. So please respond to this interrogatory with names, not references to documents.

8. **Interrogatory 15 and Document Request No. 22 --** Your objections are boilerplate. *See* No. 1, *infra.* Plaintiff is entitled to documents concerning the way in which the individual defendants were trained and the rules and regulations under which they operated. Failure to follow proper procedure would certainly be evidence of misbehavior.

9. **Document Request No. 5 –** Document Production Request No. 5 requests "all surveillance footage, photographs, body-worn camera footage, or other audio and video files related in any way to the Incident." In response, Defendants provided certain videos of surveillance footage. However, Plaintiffs did not receive all relevant videos from all of the surveillance cameras. For example, Plaintiffs did not receive all of the videos from the following cameras: CPSU-RT-UP-STRS; CLASSROOM FRONT; CLASSROOM REAR; CPSU-RT-LOW-REAR.

10. **Request for Document Production No. 18. –** Please produce all documents received by Defendants pursuant to Plaintiff's authorizations and releases. If these have been provided, please so state.

11. **Request for Document Production No. 32** – Your objection to Plaintiff's Document Production Request No. 32 is boilerplate. *See* No. 1, *infra.* Plaintiff is entitled to documents relevant to the death of Mr. Carrasquillo which should have been preserved as a result of the Notice to Preserve. Many of these items should have also been responsive to other requests for production, but were not produced. Please produce all responsive documents preserved as a result of the Notice to Preserve to the extent not already produced. If documents are being withheld pursuant to an objection, please so state in accordance with the FRCP, as outlined in part in No. 1, *infra.*

12. **Morbidity and Mortality Report** – We understand that production of Document Production Request Nos. 1, 12, 13, 14, 16, 23, and 32 would include production of the morbidity and mortality report. Plaintiff requires this document to be able to conduct this litigation. Please produce this responsive document.

13. **GUZMAN DOC Investigation File (1 of 2) (BATES DOC 91-288)** – Many of the pages in Defendants' production from the file GUZMAN DOC Investigation File (1 of 2) (BATES DOC 91-288) are cut off at the bottom so that the whole page cannot be read. Please reproduce the documents so that the full documents can be viewed. If you do not possess versions of the documents that show the full documents, please affirmatively state so.

14. **HHC Records** – In your August 14, 2025 email, you stated that you received partial responses from HHC that are responsive to our demands. However, we have not received these records in your production. Please produce these records, or affirmatively state that they are not in your possession.[1]

15. **Missing Bates Stamps** – It appears that Plaintiffs do not have documents bearing the Bates stamps DOC000526-000610, although Plaintiffs have received documents bearing the Bates stamps on either side of that range. Please confirm whether there are any documents bearing the Bates stamps DOC000526-000610 and, if so, please produce them.

Please supplement Defendants' responses immediately, or provide a date by which production will be exchanged. Absent such a communication promptly we will seek judicial intervention.

Thank you for your attention to this matter.

Best regards,

Olivia Clark

---

[1] Plaintiffs did receive what is believed to be their own HHC production back from Defendants on August 27, 2025.