UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARIA A. GUZMAN, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF WILSON DIAZ
GUZMAN, DECEASED.

       Plaintiff,

 -against-

THE CITY OF NEW YORK, NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION ("HHC"); CAPTAIN
ROSCOE NEELY (SHIELD NO. 1839), CORRECTION
OFFICER ("C.O.") KESTON BERTRAND (SHIELD NO.
18841); C.O. SURIEL JULIO (SHIELD NO. 14377); C.O.
ANTHONY SAMUELS (SHIELD NO. 18737); HHC
VANESSA LUBIN, RN; HHC JENNY ACEVEDO, RN.

       Defendant.
------------------------------------------------------------------------X

24-CV-00363 (VSB)

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST CONSOLIDATED SET OF DISCOVERY DEMANDS**

    Defendants THE CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, CAPTAIN ROSCOE NEELY, C.O. KESTON BERTRAND, C.O. SURIEL JULIO, C.O. ANTHONY SAMUELS, VANESSA LUBIN, RN, and JENNY ACEVEDO, RN, by their attorneys, HEIDELL, PITTONI, MURPHY & BACH, LLP, submit the following responses to Plaintiff's First Consolidated Set of Discovery Demands dated June 2, 2025:

**GENERAL OBJECTIONS TO INTERROGATORIES**

    A.  Defendants object to plaintiff's interrogatories to the extent that they impose obligations that are inconsistent with the Federal Rules of Civil Procedure, including Rule 26, and the Local Rules of the Southern District of New York, and otherwise exceed the permissible scope of discovery under these rules.

4907-4857-5609 v.1

B. Defendants object to plaintiff's interrogatories to the extent they assume the truth of the allegations set forth in the Amended Complaint as defendants have already denied the allegations.

C. Defendants object to plaintiff's interrogatories to the extent that they are overly broad, unduly vague, ambiguous, susceptible to multiple meanings and request information that is not relevant to this case.

D. Defendants object to plaintiff's interrogatories to the extent that they are unduly burdensome and oppressive.

E. Defendants object to plaintiff's interrogatories to the extent they seek information which is privileged and confidential.

F. Defendants object to plaintiff's interrogatories to the extent they seek information that is considered attorney work product.

G. Defendants object to plaintiff's interrogatories to the extent that they seek information or the identification of documents and/or witnesses not in defendants' possession, custody, or control, and/or in the possession of, or readily available to, plaintiff.

H. Defendants object to plaintiff's interrogatories to the extent they seek information that may be derived or ascertained from plaintiff's own knowledge, from plaintiff's own records, or from documents already in plaintiff's possession.

I. Defendants expressly reserve the right to amend, clarify, revise or correct any or all of the responses herein at any time. By making the following responses to plaintiff's interrogatories, defendants do not waive, and hereby expressly reserve, the right to assert any and all objections as to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency,

4907-4857-5609 v.1

relevancy, materiality and privilege. Further, defendants provide the responses herein without in any manner implying or admitting that any information requested in the interrogatories or any responses thereto is relevant or material to the subject matter of this action.

**GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

A. Defendants object to plaintiff's requests to the extent they assume the truth of the allegations set forth in the Amended Complaint as Defendants have already denied the allegations.

B. Defendants object to plaintiff's requests to the extent that they are overly broad, vague, ambiguous, and susceptible to multiple meanings.

C. Defendants object to plaintiff's requests to the extent that they are unduly burdensome, oppressive, and disproportionate to the needs of discovery in this matter.

D. Defendants object to plaintiff's requests to the extent they seek information which is privileged and confidential.

E. Defendants object to plaintiff's requests to the extent they seek documents that are considered attorney work product.

F. Defendants object to plaintiff's requests to the extent that they seek documents and/or witnesses not in defendants' possession, custody, or control, and/or in the possession of, or readily available to, plaintiffs.

G. Defendants object to plaintiff's requests to the extent they seek documents from plaintiffs' own records, or from documents already in plaintiffs' possession or documents that are publicly available.

H. Defendants expressly reserve the right to amend, clarify, revise or correct any or all of the responses herein at any time. By making the following responses to plaintiffs'

4907-4857-5609 v.1

requests for production of documents, defendants do not waive, and hereby expressly reserve, the right to assert any and all objections as to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality and privilege.  Further, defendants provide the responses herein without in any manner implying or admitting that any documents requested or any responses thereto are relevant or material to the subject matter of this action.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

5. Identify all other persons who participated in, witnessed, or observed the supervision of Mr. Diaz Guzman or any of the events referenced in the lawsuit filed by Plaintiff in this action. With respect to each such individual, set forth the particular event and the nature of his or her participation. witnessing, or observation of that event.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, Defendants are not aware of any persons responsive to this interrogatory other than those who have been identified or will be identified in response to numbers 2-4 above.

6. Identify every medical provider and medical professional who treated or examined Mr. Diaz Guzman for the entirety of his time in DOC custody.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case.  Notwithstanding and without waiver of these objections, HHC identifies the following providers:

- Tasbirul Alam, MD (1/17/21)
- Larry Blackmore, PA (1/22/21)
- Chika Nwogwugwu, PA (1/22/21)

4907-4857-5609 v.1

- Peter Wachtel, DO (1/22/21)

7. Identify every type of document that is generated pursuant to any DOC practice or policy in connection with monitoring incarcerated individuals for signs of mental health needs or suicidal ideation.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendant City of New York identifies the Suicide Prevention Screening Guidelines DOC 000669-000670.

8. Identify every type of document that is generated pursuant to any DOC practice or policy in connection with monitoring, incarcerated individuals who suffer from diabetes.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendant City of New York (DOC) does not generate documents responsive to this interrogatory.

9. Identify all DOC practices or policies from January 22, 2016 through January 22, 2021, related to obtaining, reviewing, and maintaining medical and mental health records when a person enters DOC custody.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendant City of New York (DOC) refers plaintiff to annexed DOC 000672-000689.

4907-4857-5609 v.1

10. Identify all DOC practices or policies from January 22, 2016 through January 22, 2021, related to obtaining, reviewing, and maintaining a persons' prior medical and mental health records from all hospitals when a person is transferred into DOC custody.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendant City of New York (DOC) does not have any practices or policies responsive to this interrogatory.

11. Identify all grievances filed by Mr. Diaz Guzman—or letters written by Mr. Diaz Guzman complaining of his conditions, mistreatment, and mental health needs—throughout his time in DOC custody.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, defendant HHC is not in possession of any documents/information responsive to this demand.

12. Identify all documentation of what City officers or employees viewed, reviewed, or transmitted Mr. Diaz Guzman's grievances—or letters written by Mr. Diaz Guzman complaining of his conditions, treatment, and mental health needs—throughout his time in DOC custody, who viewed and reviewed those grievances, and who they were transmitted to.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, defendant HHC is not in possession of any documents/information responsive to this demand.

13. Identify all documents related to Mr. Diaz Guzman or the incidents described in the amended complaint that were ever provided to the New York State Police.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, defendant HHC not in possession of any documents/information responsive to this demand.

18. Identify every type of document that is generated pursuant to any DOC practice or policy in connection with interviewing any witnesses of mental health needs or suicide attempts.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendant City of New York (DOC) does not have any documents that are generated pursuant to any DOC practice or policy in connection with interviewing any witnesses of mental health needs or suicide attempts.

19. Identify every type of document that is generated pursuant to any DOC practice or policy in connection with reporting any mental health needs or suicide attempts.

**Response:** Defendants object to this interrogatory as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendant City of New York identifies the Suicide Prevention Screening Guidelines DOC 000669-000670.

## REQUESTS FOR DOCUMENT PRODUCTION

2. Produce the entire personnel and disciplinary files of each individual identified in response to Interrogatory 1, regardless of final disposition of any disciplinary inquiry from 5 years prior to the Incidents to the present.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, see annexed Bates DOC000833-1960, Personnel Files for:

1. Julio Suriel
2. Theodore Robinson
3. Neely Roscoe
4. Keston Bertrand
5. Onyemekara Agunwa
6. Anthony Samuels
7. Sayquan Selby
8. Oladipo Salako

Additional personnel files and information related to disciplinary actions, if applicable, will be provided under separate cover.

6. Produce copies of statements from any witnesses or participants to the Incident.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendant HHC is not in possession of any documents responsive to this request other than those that may be contained in the CHS medical records.

7.  Produce the personnel files and institutional files of each of the individual officers listed in response to any of the Interrogatories above, including any and all records concerning the officer's pre-employment psychological screening tests and evaluations, positions and job descriptions, job performance and evaluations, complaints and disciplinary history, investigations, intake or reporting procedures, truthfulness, reviews, training and in-service training and retraining. and hiring or promotion.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, see response to #2 above.

9.  Produce all communications and correspondence between DOC and HHC employees and other City agencies related to Mr. Diaz Guzman's incarceration starting in January 2021.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, communications between DOC, HHC, and other City agencies, can be found in the previously disclosed Inmate and Investigation files. In order to locate additional communications, an ESI search would need to be conducted which would require would an agreement between the parties related to custodians and search terms.

15.  Produce all grievances or complaints submitted by or on behalf of Mr. Diaz Guzman to any employee or agency of Defendant City, along with any responses or appeals.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, defendant HHC is not in possession of any documents responsive to this demand.

4907-4857-5609 v.1

20.     Produce all documents related to Mr. Diaz Guzman or the incidents described in the Amended Complaint that were ever provided to the New York State Police.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendant HHC is not in possession of any documents responsive to this request.

21.     Produce all records that were created by or provided to the New York City Department of Corrections Investigation Division to conduct an investigation into Mr. Diaz Guzman or the incidents described in the Amended Complaint.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendant HHC is not in possession of any documents responsive to this request.

23.     Produce all documents related to Mr. Diaz Guzman that were ever in the possession of DOC or HHC, including but not limited to treatment needs and mental health service level designations; admission and screening forms; diagnosis record; core history (including but not limited to history of treatment, education, and employment); psychiatric evaluation and psychiatric progress notes; case notes; primary therapy progress notes; interview notes; comprehensive suicide risk assessments: transfer documents (including but not limited to termination transfer notes); exceptional circumstances, security exception, and heightened level of care documents: discharge planning documents; Single Point of Access ("SPOA") applications; documents generated or relied on in preparing SPOA applications; responses to SPOA applications from county agencies; responses to SPOA applications from service providers; Central New York Psychiatric Center ("CNYPC") Corrections Based Operations ("CBO") chronological records; chronological history reports; all inpatient psychiatric records; CNYPC evaluations, progress notes,

4907-4857-5609 v.1

discharge summaries, and treatment recommendations; mental health reports: and all discharge recommendations.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendant HHC is not in possession of any documents responsive to this request other than what may be contained in the CHS records.

24. Produce all records (including emails, memoranda, notes, and messages) showing or otherwise revealing what information about Mr. Diaz Guzman, his mental health condition(s), and mental health treatment needs that defendants obtained from his family members, the Mental Health Automated Records System ("MHARS") the Psychiatric Services and Clinical Knowledge Enhancement Database ("PSYCKES"), CNYPC Corrections-Based Mental Health Services, and from all other sources.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, Defendant HHC is not in possession of any documents responsive to this request other than what may be contained in the CHS records.

30. Produce a copy of all City policies, procedures, guidelines, and/or directives, in effect at Riker's Island facilities in January 2021 concerning the intake process and housing placement.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, annexed please find responsive documents at bates # DOC000526-000832.

4907-4857-5609 v.1

31. Produce a copy of all City policies, procedures, guidelines, and/or directives, in effect at Riker's Island facilities in January 2021 concerning the monitoring of people's mental health and suicidal ideation.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, annexed please find responsive documents at bates # DOC000532-000671, 000672-000689, 000799-000800, 000801-000826.

32. Produce all documents preserved in response to Plaintiff's February 5, 2021, notice to preserve, attached hereto as Exhibit 1.

**Response:** Defendants object to this demand as overly broad, vague, ambiguous, irrelevant, and disproportionate to the needs of this case. Notwithstanding and without waiver of these objections, responsive documents will be provided under separate cover.

Dated: White Plains, New York
November 14, 2025

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

ALEJANDRA R. GIL
81 Main Street, Suite 112
White Plains, New York 10601
(914) 559-3100
agil@hpmb.com

Attorneys for Defendants
THE CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, CAPTAIN ROSCOE NEELY, C.O. KESTON BERTRAND, C.O. SURIEL JULIO, C.O. ANTHONY SAMUELS, VANESSA LUBIN, RN, and JENNY ACEVEDO, RN.

4907-4857-5609 v.1

TO: **<u>VIA E-MAIL</u>**

BELDOCK, LEVINE & HOFFMAN, LLP
Attorneys for Plaintiff
99 Park Avenue, PH/26th Floor
New York, New York  10016
(212) 277-5883
oclark@blhny.com
drankin@blhny.com