

**Alejandra R. Gil**
Partner
agil@hpmb.com

January 22, 2026

**VIA ECF**

Magistrate Judge Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

Re:   Guzman v. The City of New York, et al.
      Docket #:  24-cv-00363(CM)
      Our File No.:  611-3310

Dear Judge Figueredo:

      Our firm represents Defendants in the above-referenced matter.  This correspondence is submitted in opposition to plaintiff's letter motion to compel discovery.  (ECF Doc. # 124.)

      Plaintiff's letter motion addresses two categories of discovery:  1) the morbidity and mortality (M & M) report maintained by Health + Hospitals Corporation (HHC) related to the death of Mr. Guzman, and 2) identification and production of any directive, policy or checklist that lays out what steps need to be taken to complete a DOI investigation related to a death in custody.

      Defendant HHC objects to providing the morbidity and mortality report created and maintained by HHC.  Defendant asserts the peer review privilege as to this document.  The M & M report, as are all quality assurance reports, are highly sensitive and prepared with the incentive to have providers and clinicians have an honest and meaningful analysis of events without the threat of it being used against them.  Courts in the Second Circuit have held that such documents are privileged and shielded from disclosure pursuant to the Patient Safety and Quality Improvement Act of 2005 (the "PSQIA"), 42 U.S.C. § 299b-21 et seq.  "The purpose of the PSQIA "is to encourage a 'culture of safety' and quality in the U.S. health care system by providing for broad confidentiality and legal protections of information collected and reported voluntarily for the purposes of improving the quality of medical care and patient safety." *Francis v United States*, 2011 U.S. Dist. LEXIS 59762; 2011 WL 2224509 (S.D.N.Y. 2011); *see also Grenier v. Stamford*

Letter to the CT in opposition to PC's Motion letter
Guzman v. The City of New York, et al.
January 22, 2026
Page 2



*Hosp. Stamford Health Sys.*, 2016 U.S. Dist. LEXIS 94424; 2016 WL 3951045 (Dist. of Ct. 2016); *Brown v. St. Mary's Hosp.*, 2015 U.S. Dist. LEXIS 179597 (Dist. of Ct. 2015).

Plaintiff's claim that disclosure is required pursuant to New York City Charter § 626(h)(2) is misplaced. New York City Charter § 626(h)(2) applies to the Board of Correction, not HHC. Furthermore, plaintiff has already accessed the report prepared by the Board of Correction relative to the death of Mr. Guzman which is available online and was cited by plaintiff's counsel in correspondence to this office dated August 9, 2024.

Turning next to the demand for "identification and production of any directive, policy or checklist that lays out what steps need to be taken to complete a DOI investigation related to a death in custody" defendant objects on the basis of relevancy. There are no claims in this matter related to the post-mortem investigation. Furthermore, defendant has already disclosed the Department of Correction Investigation file related to the death of Mr. Guzman which includes a checklist of items to be collected as part of the investigation. Defendant has also disclosed hours of video footage, photos, witness interviews, and other documents related to the investigation of Mr. Guzman's death. As such, defendant objects to producing any directive, policy, or checklist (beyond what was already disclosed under bates DOC000109 "Callout report and Checklist").

We thank Your Honor for your consideration of this matter and look forward to discussing our objections further during the February 5, 2026 telephonic conference.

Respectfully submitted,

Alejandra R. Gil

ARG/bv

cc:   **VIA ECF**

BELDOCK, LEVINE & HOFFMAN, LLP
Attorneys for Plaintiff
99 Park Avenue, PH/26th Floor
New York, New York  10016
(212) 277-5883