UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Maria A. Guzman, Individually and as
Administrator of the Estate of Wilson Diaz
Guzman, Deceased

                                        Plaintiff,

                    -against-

The City of New York, et al.,

                                        Defendants.

------------------------------------------------------------------------ x

**STIPULATION AND
PROTECTIVE ORDER
CONCERNING THE
INSPECTION OF CERTAIN
AREAS OF THE N.Y.C.
DEPT. OF CORRECTION'S
OTIS BANTUM
CORRECTIONAL CENTER**

**1:24-cv-00363 (CM)**

**WHEREAS**, Plaintiff's counsel has requested and The City of New York has agreed to provide them with access to the New York City Department of Correction's ("DOC") Otis Bantum Correctional Center for the purposes of inspecting and photographing the housing area of Mr. Diaz Guzman, including the areas described in the Complaint, pertaining to the above-referenced case;

**WHEREAS,** because of security concerns, the New York City Department of Correction ("Department") deems the photographs and any information or document depicting the DOC Facility privileged and/or confidential; and

**WHEREAS,** the City of New York objects to granting plaintiff counsel access to the DOC Facility for the purpose of inspecting and taking photographs, unless appropriate measures are undertaken for purposes of confidentiality and security, and plaintiff counsel agrees to and abide by such measures, as specified in the terms and conditions set forth below; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, attorneys for The City of New York and plaintiff, respectively, as follows:

Page 1 of 7

1.      As used herein, "Confidential Materials"[1] shall mean the specific search areas; the photographs, negatives or digital camera files, print images, sketches, notes, computer-generated likenesses or visual depictions of any kind whatsoever relating to the visit to the DOC Facility.    These documents are deemed confidential because of security, law enforcement, governmental and/or privacy interests of the Department of Correction, its employees, contractors and subcontractors, and inmates, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by the defendant from sources other than the Department, or (b) are otherwise publicly available.

2.      The Confidential Materials are for "attorneys' eyes" only. Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of its law office except under the following conditions:

(a) Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case herein.

3.      Plaintiff's attorneys shall not use the Confidential Materials for any purpose other than for the preparation for and/or presentation at the trial of the above-entitled case.

4.      Issues related to trial testimony concerning any Confidential Materials shall be left to the discretion of the trial court.

5.      If any paper which incorporates any Confidential Materials or reveals the contents thereof is to be filed in this Court, the party must apply to the Court for permission to file under seal those portions of the papers and upon the granting of such permission shall deliver them

---

[1] By entering into this Stipulation, defendants do not waive any other objections which may exist to the production of documents defined as "Confidential Materials" herein nor do defendants waive any objections to their admissibility.

to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the

nature of the contents, and the following legend:

### CONFIDENTIAL

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States Southern District in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6.      In addition, where reasonable advance notice is given by plaintiff and the

parties so agree in writing, the confidential information may be used in support of a motion for

summary judgment or any other dispositive motion by Plaintiff or at a trial on the merits in this

matter without being subjected to the instant Protective Order.  Upon a showing that the

Confidential Materials may be disclosed at a hearing or at trial, and the disclosure should be

protected, the Court may impose appropriate safeguards for the presentation of such Confidential

Materials.

7.      In the event the Court finds the Confidential Materials admissible at a trial of

this action, the Confidential Materials may be disclosed to any witnesses who may be called to

testify about them, provided that such witnesses acknowledge, either in writing or on the record,

their understanding of the Protective Order and the fact that they are bound by its terms.

8.      Within thirty (30) days after the termination of this case, including any

appeals, the "Confidential Materials," including all original, copies and non-conforming copies of

any photographs, negatives or digital camera files, print images, sketches, computer-generated

likenesses or visual depictions, notes, and other materials containing or referring to information

derived therefrom, shall be returned to The City of New York or, upon The City of New York's consent, destroyed (except as to privileged material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to The City of New York, which affidavit to include the manner and timing of its destruction, and that no copies were made and not destroyed.

9.    Plaintiff's attorneys shall NOT under any circumstances inspect, photograph or draw in any fashion the following items and/or locations during the above mentioned site visit: any type of key, lock, locking mechanism, keyholes, doorknobs and/or other similar equipment used to secure the doors, gates and windows; exit signs; drawings and/or blueprints depicting the layout of the facility and/or facilities on Rikers Island; and any inmate, or police or correction personnel, including civilians and CHS medical and clinical staff,whether in uniform or not, who are observed at the DOC Facility.  The attorneys and/or anyone accompanying them may use a video camera to record from the location of Mr. Diaz Guzman's cell to the infirmary. Any video footage obtained during the inspection shall remain for "attorneys' eyes only" until such time as all parties agree otherwise. Further, any disputes regarding the contents of the video footage shall be addressed by motion practice and resolved by the trial court.

10.    Plaintiff's attorneys shall not speak to any inmate for any reason.

11.    Plaintiff's attorneys shall not interview or question any DOC staff for any reason in connection with matters material to the claims in this litigation.

12.    If at anytime it appears to The City of New York's counsel and/or DOC staff present during the site visit that Plaintiff's attorneys whether inadvertently or not, is inspecting or taking photographs or drawings of any prohibited item, area or individual described above, Plaintiff's attorney maybe be immediately directed and expected to cease inspecting,

photographing or drawing and the site inspection shall be terminated. Furthermore, DOC staff present during the site visit may immediately terminate the site visit in the event of an unforeseen safety or security event. If such termination occurs, DOC will facilitate a continuation of the site visit at a later date or time.

13.    Plaintiff's attorneys shall provide The City of New York with color duplicates of all photographs and/or drawings taken during the above-mentioned site visit, regardless of their quality, and shall designate in good faith such documents as "Confidential Materials" by labeling such documents "Confidential" and by designating such documents by Exhibit numbers in a writing directed to The City of New York. The City of New York reserves the right after inspection of these documents to determine whether a prohibited item, area or individual as described above, has been photographed and/or drawn by Plaintiff. The City of New York will inform Plaintiff's attorneys of such determinations within a reasonable time frame after receipt of the photographs and drawings. *Plaintiff will, within ten (10) days after receipt of The City of New York's objections,* respond in writing to The City of New York's determination concerning the photograph of the prohibited items, areas, or persons. If the parties cannot resolve such matters after a good-faith effort, then Plaintiff's attorney may seek relief from the Court. While the resolution of such matters is pending before the Court, the disputed materials will be kept as "attorneys' eyes" only and will not be used in any manner until the dispute is resolved in writing.

14.    The parties agree to jointly request that the Court enter this Stipulation and Protective Order as an Order of the Court. The failure of the Court to enter this Stipulation and Order shall not void or otherwise alter the agreement between the parties.

15.    Nothing in this Stipulation and Protective Order shall be construed to limit the Department's use of the Confidential Materials in any manner.

16.    THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER:

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

Dated:    New York, New York
          February 17, 2026

BELDOCK LEVINE & HOFFMAN, LLP    HEIDELL, PITTONI, MURPHY & BACH, LLP

BY: _____    BY: _____
    David B. Rankin                    Alejandra R. Gil
    Attorneys for Plaintiff            Attorneys for Defendants
    99 Park Avenue, PH/26th Fl         81 Main Street, Suite 112
    New York, New York 10016           White Plains, New York 10601

**SO ORDERED:**

February 19, 2026
_____    _____
    Date                           Hon. Valerie Figueredo
                                   United States Magistrate Judge