**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MARIA A. GUZMAN,

                                  Plaintiff,                         **24-CV-00363 (CM) (VF)**

             -against-                                   **ORDER**

THE CITY OF NEW YORK, et al.,

                                 Defendants.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On January 15, 2026, Plaintiff filed a letter motion to compel Defendants to produce documents regarding the morbidity and mortality report maintained by Health + Hospitals Corporation ("HHC") in relation to the in-custody suicide of Diaz Guzman. ECF No. 124 at 1. On January 22, 2026, Defendants filed an opposition. See ECF No. 127. On February 5, 2026, the Court held a conference to address the issue raised by Plaintiff. Following the conference, the parties submitted supplemental letters. See ECF Nos. 128, 129.

Defendants oppose production of the report based on the peer-review privilege, but Defendants conceded during the February 5 conference that they had not previously identified that privilege as the basis for withholding the report. Instead, and as Plaintiff points out, "Defendants merely indicated an unspecific privilege objection, without a privilege log[.]" ECF No. 124 at 1. Defendants did not properly assert their privilege objection to production of the report, because they failed to identify the specific privilege relied on to withhold the document. As such, any reliance on the peer-review privilege is waived. See, e.g., Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C., 499 F. Supp. 2d 475, 479 (S.D.N.Y. 2007) (party waived privilege where privilege log did "not identify which privilege is being asserted (attorney-client

1

or work product)"); <u>Carte Blanche (Singapore) PTE., Ltd. v. Diners Club Int'l, Inc.</u>, 130 F.R.D. 28, 32 (S.D.N.Y. 1990) (party waived work-product doctrine for documents by "failing to specify work product as the particular privilege protecting its various documents"); <u>see also</u> <u>FG Hemisphere Assocs., L.L.C. v. Republique Du Congo</u>, No. 01-CV-8700 (SAS) (HBP), 2005 WL 545218, at *6 (S.D.N.Y. Mar. 8, 2005) (reasoning that "unjustified failure" to provide a privilege log "results in a waiver of any claim of privilege that might otherwise have existed with respect to all responsive documents in existence as of that date").

Even if a privilege had not been waived, the morbidity and mortality report at issue is not protected from disclosure. Defendants argue that the peer-review privilege applies to the morbidity and mortality report because the report was created and maintained by HHC and is "highly sensitive and prepared with the incentive to have providers and clinicians have an honest and meaningful analysis of events without the threat of it being used against them." ECF No. 127 at 1. But Courts have declined to apply the peer-review privilege in civil rights cases such as this one. <u>See, e.g.</u>, <u>Paul v. City of New York</u>, No. 16-CV-01952 (VSB) (SN), 2018 WL 11402226, at *1-3 (S.D.N.Y. Oct. 16, 2018) (rejecting defendant's assertion of the quality-assurance or peer-review privilege and ordering the North Central Bronx Hospital and [HHC] to produce a "Root Cause Analysis Report . . . regarding the care provided to decedent"); <u>Tortorici v. Goord</u>, 216 F.R.D. 256, 259 (S.D.N.Y. 2003) (declining to extend the peer-review privilege regarding a quality assurance review conducted by the Central New York Psychiatric Center involving an inmate suicide); <u>Zikianda v. Cnty. of Albany</u>, No. 12-CV-1194, 2013 WL 936446, at *1 (N.D.N.Y. Mar. 8, 2013) (rejecting peer-review privilege and requiring production of "post-mortem analyses of [plaintiff's] death [by medical company], which were reduced into two specific reports, 'The Root Cause Analysis and Action Plan' and 'Mortality Review'"); <u>see also</u>

<u>Francis v. United States</u>, No. 09-CV-4004 (GBD) (KNF), 2011 WL 2224509, at *4 (S.D.N.Y. May 31, 2011) ("[T]here appears to be consensus among lower courts and in other circuits that no federal privilege protects medical peer review materials in civil rights or antitrust actions") (collecting cases).

Plaintiff's request is **GRANTED** and Defendants are ordered to produce the morbidity and mortality report maintained by HHC.

Additionally, on February 26, 2026, the parties filed a request for an extension of the discovery schedule. ECF No. 132. The extension request is **GRANTED** and the deadlines proposed at ECF No. 132 **ADOPTED**. Additional extensions of the discovery deadlines will not be granted absent extraordinary circumstances.

The Clerk of the Court is respectfully directed to close the motions at ECF Nos. 124 and 132.

**SO ORDERED.**

DATED:    New York, New York
          March 2, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

3